## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | | |
|---|---|---|
| ALDO HANZE, JR., and DAVID KIRKER, Individually and on Behalf of All Others Similarly Situated, | § § § § § | CIVIL ACTION NO. _____ 8:17cv2432 T 17 AAS |
| Plaintiffs, | § § | |
| v. | § § | COLLECTIVE ACTION |
| AMERICAN STRATEGIC INSURANCE CORP., ASI UNDERWRITERS CORP., and ARX EXECUTIVE HOLDINGS, LLLP, | § § § § § | |
| Defendants. | § | JURY TRIAL DEMANDED |

### INDIVIDUAL AND COLLECTIVE ACTION COMPLAINT
### UNDER THE FAIR LABOR STANDARDS ACT AND DEMAND FOR JURY TRIAL

### NATURE OF THE ACTION

1.    Plaintiffs Aldo Hanze, Jr. and David Kirker bring this civil action pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* (the "FLSA" or the "Act") on behalf of themselves and on behalf of all those similarly situated, to recover unpaid back wages (29 U.S.C. § 211(a)), an additional equal amount as liquidated damages (29 U.S.C. § 216(c)), attorneys' fees and costs (29 U.S.C. § 216), and pre- and post-judgment interest.

2.    Defendants have violated the FLSA within the past three years by not paying their "adjusters" and/or "team leads" (including Plaintiffs and others similarly situated) for the overtime hours they worked – instead Defendants paid only straight time wages for all hours worked.

3.    Plaintiffs, as the putative collective/class representatives, seek certification of this suit as a collective action on behalf of all current and former misclassified insurance "adjusters," "team leads" or others who have performed duties similar to the duties performed by Plaintiffs for

Defendants and paid an hourly rate without overtime compensation within the past three years (collectively referred to as the "Similarly Situated Misclassified Contractors").

## THE PARTIES

4.    **Plaintiff Aldo Hanze, Jr.** ("Hanze") resides in Orlando, Florida. Defendants hired Hanze in St. Petersburg Florida in or about April 2014 as a misclassified independent contractor performing insurance adjusting-related services for Defendants.

5.    **Plaintiff David Kirker** ("Kirker") resides in Auburndale, Florida. Defendants hired Kirker in St. Petersburg Florida in or about August 2014 as a misclassified independent contractor performing insurance adjusting-related services for Defendants.

6.    **Defendant American Strategic Insurance Corp.** ("ASI Corp.") is a Florida corporation with its principal place of business in St. Petersburg, Florida. Service of process on ASI Corp. may be made by serving a copy of the Summons and Complaint to its Registered Agent, being Corporate Creations Network Inc., 11380 Prosperity Farms, Rd. #221E, Palm Beach Gardens, Florida 33410, or wherever else it may be found.

7.    **Defendant ASI Underwriters Corp.** ("ASI Underwriters") is a Florida corporation with its principal place of business in St. Petersburg, Florida. ASI Underwriters may be served with process by delivering a copy of the Summons and Complaint to its Registered Agent, being Corporate Creations Network Inc., 11380 Prosperity Farms, Rd. #221E, Palm Beach Gardens, Florida 33410, or wherever else it may be found.

8.    **Defendant ARX Executive Holdings, LLLP** ("ARX") is a Florida limited partnership with its principal place of business in St. Petersburg, Florida. ARX may be served with process by delivering a copy of the Summons and Complaint to its Registered Agent, being

CF Registered Agent, Inc., 100 S. Ashley Drive, Suite 400, Tampa, Florida 33602, or wherever else it may be found.

9.      ASI Corp., ASI Underwriters, and ARX are collectively referred to herein as "ASI" or "Defendants."

## JURISDICTION AND VENUE

10.      Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1331 (federal question jurisdiction) and 29 U.S.C. § 216(b) (the FLSA).

11.      Defendants' failure to pay Plaintiffs (and others similarly situated) overtime wages occurred in St. Petersburg, Florida.  Therefore, this action is within the jurisdiction of the United States District Court for the Middle District of Florida and venue is proper in the Middle District of Florida, Tampa Division.

12.      Defendants were Plaintiffs', and all others similarly situated, employer within the meaning of the FLSA.

## ENTERPRISE AND INDIVIDUAL FLSA COVERAGE

13.      At all relevant times, Defendants have engaged in related activities performed through unified operation or common control for a common business purpose; have employees engaged in interstate commerce or in the production of goods or services for interstate commerce, or employees handling, receiving, selling or otherwise working on goods or material that have been moved in or produced for interstate commerce; and have an annual gross volume of sales made or business done of not less than $500,000.  Defendants, therefore, constitute an enterprise engaged in interstate commerce or in the production of goods or services for interstate commerce within the meaning of the FLSA (29 U.S.C. §203(r) & (s)).

14.     In addition, in connection with their employment with Defendants, Plaintiffs, and all others similarly situated, engaged in interstate commerce within the meaning of the FLSA (29 U.S.C. §§ 206(a) & 207(a)(1)).

## JOINT EMPLOYER FACTS

15.     Defendants are an integrated enterprise and joint employers of Plaintiffs.

16.     In or about April 2014, Defendants hired Hanze as a misclassified independent contractor.

17.     In or about August 2014, Defendants hired Kirker as a misclassified independent contractor.

18.     Plaintiffs (and other Similarly Situated Misclassified Contractors) were paid directly by Defendants or through other "adjusters" directed by ASI to serve as "pass-throughs" who did not supervise or control the work of Plaintiffs (and other Similarly Situated Misclassified Contractors).

19.     The revenue (and profits) from Plaintiffs' (and other Similarly Situated Misclassified Contractors') work efforts benefitted all Defendants.

20.     Defendants maintain a single website (www.americanstrategic.com) for all of the "ASI Group of Companies" whose parent company is ARX. *See* **Exhibit 1**, which is incorporated by reference.

21.     Defendants advertise on Facebook, Twitter and LinkedIn as one. For example, the ASI Companies LinkedIn page states, "ASI is the 15th largest homeowners insurance carrier in the United States. Through a network of independent agents, the company offers home, condo, renters, dwelling fire, and flood insurance in over half the country." *See* **Exhibit 2**, which is incorporated by reference.

4

22.     Defendants share the same President and founder, John F. Auer.

## BACKGROUND AND STATEMENT OF CLAIMS

**A.      ASI Misclassifies Its "Adjusters" As Independent Contractors.**

23.     Plaintiff Hanze worked for Defendants as a misclassified independent contractor performing insurance adjusting-related work in Defendants' headquarters located in St. Petersburg, Florida from approximately April 2014 to October 2016 (thus, for approximately 2 ½ years).

24.     Plaintiff Kirker worked for Defendants as a misclassified independent contractor performing insurance adjusting-related work in Defendants' headquarters located in St. Petersburg, Florida from approximately August 2014 to August 2016[ALK1] (thus, for approximately 2 years).

25.     The work of Plaintiffs (and the other Similarly Situated Misclassified Contractors) was supervised and directed by Defendants.

26.     The Defendants' supervisors would sign-off on the Plaintiffs' (and the other Similarly Situated Misclassified Contractors') timecards, which would identify ASI as the employer and Plaintiffs as the "employee."

27.     The services provided by Plaintiffs (and the other Similarly Situated Misclassified Contractors) were integrated into Defendants' business operation.

28.     All services provided for Defendants by Plaintiffs (and the other Similarly Situated Misclassified Contractors) were required by Defendants to be performed by them personally.

29.     The relationship between Defendants and Plaintiffs (and the other Similarly Situated Misclassified Contractors) was a continuing relationship.

30.    Defendants set all days and hours of work for Plaintiffs (and the other Similarly Situated Misclassified Contractors).

31.    Plaintiffs and the other Similarly Situated Misclassified Contractors were required by Defendants to devote their full time to work for Defendants and were prohibited from performing any other work.

32.    Defendants required Plaintiffs (and the other Similarly Situated Misclassified Contractors) to provide daily reports of their activity and performance.

33.    Defendants provided Plaintiffs (and the other Similarly Situated Misclassified Contractors) materials, equipment and supplies to perform their work.

34.    Specifically, Defendants provided each Plaintiffs (and the other Similarly Situated Misclassified Contractors) with a dedicated e-mail address (with an @asicorp.org address), telephone, facsimile machine, assigned workstation, desk, chair, paper, badge and other miscellaneous office supplies.

35.    Plaintiffs (and the other Similarly Situated Misclassified Contractors) had no investment in the facilities where they were required to perform their jobs.

36.    Plaintiffs (and the other Similarly Situated Misclassified Contractors) had no opportunity to realize either a profit or a loss, other than their non-guaranteed wages.

37.    Defendants prohibited Plaintiffs (and the other Similarly Situated Misclassified Contractors) from working for other employers at the same time.

38.    Plaintiffs (and the other Similarly Situated Misclassified Contractors) were required by Defendants to comply with instructions about when, where, and how their work was to be done.

6

39.    Plaintiffs (and the other Similarly Situated Misclassified Contractors) did not and were not able to make their services available to the general public.

40.    Plaintiffs (and the other Similarly Situated Misclassified Contractors) were subject to termination for reasons other than nonperformance of contract specifications.

41.    Plaintiffs (and the other Similarly Situated Misclassified Contractors) were able to terminate their relationship with Defendants without incurring liability for failure to complete a job.

42.    Plaintiffs (and the other Similarly Situated Misclassified Contractors) were, therefore, employees of Defendants, and not independent contractors.

**B.    ASI Pays Misclassified Contractors Hourly Rate Without Overtime.**

43.    For their work, Plaintiffs (and the other Similarly Situated Misclassified Contractors) were paid on a fixed hourly rate of pay for all hours worked, with no additional compensation for overtime on hours in excess of forty (40) hours in a workweek.

44.    Defendants paid Plaintiffs (and the other Similarly Situated Misclassified Contractors) on an hourly, not daily rate of pay, and overtime was due to at a rate of an additional one-half times their regular rate of pay for any overtime hours worked in excess of forty (40) hours in a workweek.

45.    Plaintiffs (and the other Similarly Situated Misclassified Contractors) were required to work specific and set hours, which significantly exceeded forty (40) hours per workweek.

46.    Plaintiffs (and the other Similarly Situated Misclassified Contractors) typically worked five (5) to seven (7) days per week throughout their employment with Defendants, regularly working ten (10) to thirty (30) hours of overtime per week.

47.     Defendants made no payroll tax or other withholdings from the hourly rate wage paid to Plaintiffs (and other Similarly Situated Misclassified Contractors), and reported their income to the IRS by Form 1099 instead.

48.     Defendants made no guaranteed minimum pay per week, such that Plaintiffs (and the other Similarly Situated Misclassified Contractors) were paid only when they worked, and with no minimum workweek being guaranteed.

49.     Plaintiffs (and the other Similarly Situated Misclassified Contractors) were not guaranteed any specific number of paid hours in any workweek and they were not paid on a salary basis.

50.     Plaintiffs (and other Similarly Situated Misclassified Contractors), did not and do not, supervise two or more workers on a regular basis.

51.     Plaintiffs (and other Similarly Situated Misclassified Contractors) performed non-exempt work duties.

C.      **ASI Re-Classifies Its "Adjusters" And Begins Paying Overtime.**

52.     Upon information and belief, in or about March 2017, Defendants required all Similarly Situated Misclassified Contractors to transition to non-exempt W-2 positions with independent firms which currently pay overtime premiums on all hours worked in excess of forty (40) in a workweek.

53.     Despite this reclassification, Plaintiffs' duties (and those of other Similarly Situated) did not change.

D.      **Class Of "Adjusters" Illegally Paid.**

8

54.    Defendants knew they were required by the FLSA to pay Plaintiffs (and the other Similarly Situated Misclassified Contractors) overtime pay for any hours worked in excess of forty (40) hours in a workweek.

55.    Notwithstanding the fact that Plaintiffs and other Similarly Situated Misclassified Contractors were entitled to this overtime pay, Defendants willfully failed to pay Plaintiffs or the other Similarly Situated Misclassified Contractors overtime pay.

### CLASS/COLLECTIVE ACTION ALLEGATIONS

56.    Plaintiffs hereby adopt and incorporate by reference all of the foregoing paragraphs, as if set forth herein again.

57.    There is a collective/class of other "adjusters" and "team leads" who have performed work similar to Plaintiffs and were subject to the same illegal pay practices.

58.    Plaintiffs and the other Similarly Situated Misclassified Contractors were not guaranteed any specific number of paid days in any workweek and they were not paid on a salary basis.

59.    Plaintiffs and the other Similarly Situated Misclassified Contractors have consistently worked more than forty (40) hours in most workweeks within the past three years.

60.    Plaintiffs and the other Similarly Situated Misclassified Contractors have not been paid overtime for hours worked in excess of forty (40) hours in their workweeks within three years before the filing of this action.

61.    Plaintiffs and the other Similarly Situated Misclassified Contractors are entitled to payment of overtime at the rate of an additional one-half times the regular rate of pay for hours worked in excess of forty (40) hours in their workweeks within three years before the filing of this action.

9

62.     Plaintiffs and the other Similarly Situated Misclassified Contractors on whose behalf this lawsuit is brought include all present and former "adjusters" and "team leads" (and others, irrespective of their title, who have performed duties similar to the duties performed by Plaintiffs) who were not paid overtime for hours worked in excess of forty (40) hours in their workweeks within three years before the filing of this action to the present. These individuals have been subject to Defendants' same policies and practices as Plaintiffs regarding non-payment of overtime wages.

63.     Defendants have violated 29 U.S.C. §207 of the FLSA by failing to pay Plaintiffs, and other Similarly Situated Misclassified Contractors, overtime compensation required by the FLSA in workweeks in which they worked in excess of forty (40) hours.

64.     Defendants' violations have been willful.

65.     There are questions of law and fact common to the class/collective.

66.     The claims or defenses of the representatives, Plaintiffs Hanze and Kirker, are typical of the claims or defenses of the class/collective.

67.     The representatives, Plaintiffs Hanze and Kirker, will fairly and adequately protect the interests of the collective/class.

68.     Counsel for Plaintiffs, Starzyk & Associates, P.C., has conducted significant investigation as to potential claims and parties in this case.

69.     Prosecuting this case as a class/collective action for similarly situated misclassified contractors who have been unlawfully denied overtime wages will promote judicial efficiency and will best protect the interest of the class/collective members.

70.     There are no conflicts of interest among the class/collective members.

71.    Counsel for Plaintiffs, Starzyk & Associates, P.C., is knowledgeable and experienced in the field of employment law (specifically including overtime claims under the FLSA), class/collective actions and complex litigation, and can and will fairly and competently represent the interests of all class members.

72.    Counsel for Plaintiffs have and will commit the human and financial resources necessary to represent the class/collective.

73.    Plaintiffs' written Consents to this action are attached collectively as **Exhibit 3** and incorporated by this reference.

**CAUSE OF ACTION:**

**UNPAID OVERTIME - FAIR LABOR STANDARDS ACT (FLSA)**
**(INDIVIDUAL AND CLASS/COLLECTIVE ACTION)**

74.    Plaintiffs hereby adopt and incorporate by reference all of the foregoing paragraphs, as if set forth herein again.

75.    Plaintiffs and the other Similarly Situated Misclassified Contractors were not paid on a salary basis.

76.    Plaintiffs and the other Similarly Situated Misclassified Contractors are entitled to overtime at the rate of an additional one-half times the regular rate of pay for all hours worked in excess of forty (40) hours per workweek.

77.    Plaintiffs and the other Similarly Situated Misclassified Contractors have worked in excess of forty (40) hours in most workweeks since at least the summer of 2014.

78.    Defendants have failed to pay overtime to Plaintiffs, and the other Similarly Situated Misclassified Contractors, for hours worked in excess of forty (40) hours in many workweeks since at least the summer of 2014.

11

79.    Defendants' failure to pay overtime was willful, thus requiring Defendants to pay interest and liquidated damages.

## PRAYER

WHEREFORE, Plaintiffs, through their undersigned counsel, demand a trial by jury and respectfully request that this Court:

A.    Upon proper motion, enter an order certifying this suit as a collective action on behalf of all current and former insurance "adjusters" and "team leads," and that Notice therefore be distributed to all putative class/collective members;

B.    Order Defendants to make Plaintiffs and other Similarly Situated Misclassified Contractors whole by paying the overtime wages due;

C.    Order Defendants to pay interest and liquidated damages on all wages owed;

D.    Order Defendants to make proper payments of all Federal withholdings and taxes to the Internal Revenue Service;

E.    Order Defendants to pay costs and attorneys' fees incurred by Plaintiffs and Similarly Situated Misclassified Contractors; and

F.    Grant such further relief as the Court deems necessary and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED,

_____
**Amber L. Karns**
Florida Bar No. 0577944
akarns@starzyklaw.com
**Michael A. Starzyk***
mstarzyk@starzyklaw.com
**April L. Walter***

12

awalter@starzyklaw.com
**STARZYK & ASSOCIATES, PC**
10200 Grogan's Mill Rd, Suite 300
The Woodlands, Texas 77380
Telephone:  (281) 364-7261
Facsimile:  (281) 364-7533

**ATTORNEYS FOR PLAINTIFFS ALDO HANZE, JR. AND DAVID KIRKER, Individually and on Behalf of All Others Similarly Situated**

***Motion for Admission Pro Hac Vice Will Be Filed Promptly***

13